**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:06-cr-19** |
| **v.** | ) | |
| | ) | |
| **CHESTER WHITE also known as** | ) | |
| **LAWRENCE WHITE** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER OF COURT

Pending now before the Court is the MOTION TO DISMISS THE INDICTMENT ON JURISDICTIONAL GROUNDS WITH BRIEF IN SUPPORT THEREOF *(Document No. 50)* filed by Defendant.  The Government has filed a brief in opposition to the motion (*Document No. 52*) and the motion is ripe for disposition.

Defendant Chester White is charged with the unlawful possession of a firearm in and affecting interstate commerce by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant argues that this Court should strike down Section 922(g) because it does not purport to regulate an activity that *substantially* affects interstate commerce, as required in light of the Supreme Court's recent commerce clause opinions.

Defendant concedes that case law in the United States Court of Appeals for the Third Circuit has interpreted the "interstate commerce element" to require only that the firearm has, at any time during its existence, been transported from one state to another.  *United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001).  The firearm at issue in this case was manufactured in Italy, was imported by a company in Maryland and was found in Pennsylvania.

As Defendant properly recognizes, *Singletary* is binding on this Court and has rejected the argument Defendant makes in this motion.  Accordingly, the MOTION TO DISMISS THE INDICTMENT ON JURISDICTIONAL GROUNDS (Document No. 50) is hereby **DENIED**.

SO ORDERED this 5th day of April, 2007.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:    James H. Love, AUSA
        Email: james.love@usdoj.gov

        Linda E.J. Cohn, Esquire
        Email: linda_cohn@fd.org